HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SETH GERMAIN,,

    Plaintiff,

    v.

CITY OF SEATTLE, et al.,

    Defendants.

CASE NO. C13-1239RAJ

ORDER

## I.     INTRODUCTION

This matter comes before the Court on Defendants Daina Boggs and the City of Seattle's Motions for Summary Judgment. Dkt. # 39 & 43. Plaintiff has not filed an opposition, though that does not relieve this Court of its duty to consider the merits of the claims. *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); Local Rules W.D. Wash. LCR 7(b)(2). Additionally, although Defendants have requested oral argument, the Court finds that oral argument is not necessary. For the reasons set forth below, the Court **GRANTS** Defendants' motions.

## II.     BACKGROUND

This matter arises out of an encounter between Plaintiff Seth Germain and Officer Daina Boggs on July 19, 2011. *See* Compl. ¶ 2.1; Dkt. # 40 (Boggs Decl.) ¶ 3, Ex. A. At approximately 12:13 a.m. that night, dispatch informed Officer Boggs that an auto theft had occurred in the 4600 block of 48th Avenue South and that the stolen car was last seen driving southbound. Dkt. # 40 (Boggs Decl.) Ex. A at 2. The stolen car was described as

ORDER – 1

a red 1989 Honda Prelude. *Id.* Officer Boggs observed a car matching the description while driving south on Rainier Avenue South roughly 20 minutes later. *Id.* She made a U-turn and began following the car, which sped away. *Id.* Officer Boggs notified dispatch and continued to follow the car without turning on her emergency lights or siren. *Id.* After the car turned onto South Holly Street, Officer Boggs observed the Honda Prelude swaying as it continued down the road. *See id.* The tail end of the car suddenly swung left and forward before the car hit the right curb, crashing into a wooden pole and fire hydrant. *Id.*

Officer Boggs pulled over, planning to take Plaintiff into custody as she suspected the car was stolen. *See id.* at 3. She reached the vehicle just as Plaintiff opened the passenger side door and began exiting. *See id.* Officer Boggs attempted to grab Plaintiff. *Id.* Plaintiff responded by pulling away, flailing his arms, and kicking at Officer Boggs. *Id.* Consequently, Officer Boggs began striking him with her flashlight around the arms, shoulders, and legs while holding onto Plaintiff's clothing. *Id.*

Soon after, Officer Mark Wong arrived with his car's emergency lights and siren engaged. *See* Dkt. # 41 (Wong Decl.) ¶¶ 11-13. Officer Wong responded with his partner, Police Dog Ziva, and immediately observed Plaintiff escaping out of the driver's side window of the Honda Prelude. *See id.* ¶ 13. He ordered Plaintiff to stop and warned Plaintiff that that he would send Ziva should Plaintiff continue. *Id.* ¶ 14. Plaintiff did not stop and Officer Wong released Ziva to take Plaintiff into custody. *Id.* ¶¶ 15-16, 19. At the same time, Officer Boggs remained in the car and attempted to force Plaintiff to release the vehicle. *See* Dkt. # 40 (Boggs Decl.) Ex. A at 3. To do so, Officer Boggs continued to strike Plaintiff's left arm. *Id.*

As Plaintiff continued to crawl further out the window, Officer Wong ordered Plaintiff to get to the ground. Dkt. # 41 (Wong Decl.) ¶ 19. Ultimately, Officer Wong was able to take Plaintiff down to the ground and place him in handcuffs, whereupon he called Ziva off and she released her bite. *Id.* ¶ 20.

ORDER – 2

Plaintiff falsely identified himself as Taylor J. Stuns and was booked into King County Jail for Investigation of Assault and Investigation of Auto Theft. Dkt. # 40 (Boggs Decl.) Ex. A at 3, Ex. C at 2.

The King County Prosecutor's Office filed criminal charges against Plaintiff relating to the incident on August 26, 2014, alleging that Plaintiff was guilty of possession of a stolen vehicle and assault in the third degree against Officer Boggs. *See* Dkt. # 26 (Christie Decl.) Ex. A at 2-3. Plaintiff subsequently pled guilty to both charges. *See* Dkt. # 36 (Trivett Decl.) Ex. A. Judge Andrea Darvas of the King County Superior Court later entered judgment and sentence with respect to these charges on August 28, 2015. *Id.* Ex. B.

Plaintiff now brings claims for excessive force and for state law assault and battery against Officer Boggs. *See* Compl. ¶¶ 3.1, 3.4. He also brings claims for excessive force, negligent supervision and training, assault and battery, and dog bite violations against the City of Seattle. *Id.* ¶¶ 3.2-3.5.

### III.    LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby,*

ORDER – 3

*Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

### IV. ANALYSIS

Given that Plaintiff pled guilty to charges of possession of a stolen vehicle and assaulting Officer Boggs, he is likely collaterally estopped from arguing to the contrary on either count (or at least has admitted the facts underlying each count). *See United States v. Section 18*, 976 F.2d 515, 519 (9th Cir. 1992) (citing *United States v. $31,697.59 Cash*, 665 F.2d 903, 906 (9th Cir. 1982); *United States v. Bejar-Matrecios*, 618 F.2d 81, 83-84 (9th Cir. 1980)) ("it is settled law in this circuit that a guilty plea may be used to establish issue preclusion in a subsequent civil suit"); *In re Detention of Stout*, 150 P.3d 86, 90-91 (Wash. 2007) (rejecting argument that prior guilty plea was not binding in subsequent sexually violent predator involuntary commitment proceeding); *but see Allstate Ins. Co. v. Peasley*, 932 P.2d 1244, 1252 (Wash. 1997) (citing *Safeco Ins. Co. of Am. v. McGrath*, 708 P.2d 657, 660 (Wash. Ct. App. 1985)) (finding that "[t]here is considerable authority that a guilty plea, as opposed to a conviction following a full-fledged trial, is not conclusive in a subsequent civil proceeding" but noting that such pleas could still be admissible as admissions and that defendants could still be estopped from contesting facts representing elements of the offense).

Officer Boggs first argues that Plaintiff's 42 U.S.C. § 1983 claim[1] is barred by the *Heck* preclusion doctrine. Dkt. # 39 at 10. Under that principle, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (quoting *Smithart*

---

[1] The Court finds that to the extent that Plaintiff brings a claim under § 1983 arising solely out of a violation of the Fourteenth Amendment as opposed to the Fourth Amendment, that claim fails because Plaintiff's claim is covered by another constitutional provision. *See Fontana v. Haskin*, 262 F.3d 871, 881-82 (9th Cir. 2001) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998)).

ORDER – 4

*v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)); *see Heck v. Humphrey*, 512 U.S. 477, 489-87 (1994). Consequently, a claim for excessive force by a police officer may be barred where the plaintiff was previously convicted of assaulting that police officer within the same time period as the alleged excessive force. *See Beets v. Cty. of Los Angeles*, 669 F.3d 1038, 1045 (9th Cir. 2012).

The Court finds that the *Heck* doctrine applies here as well. Plaintiff pled guilty to assault in the third degree, in violation of Wash. Rev. Code § 9A.36.031(1)(g). *See* Dkt. # 36 (Trivett Decl.) Ex. A at 14, 17. That statute provides that "(1) A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree: . . . (g) Assaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault."[2] Wash. Rev. Code § 9A.36.031(1)(g).

Thus, Plaintiff's guilty plea to assault in the third degree necessarily entailed the finding that Officer Boggs was acting within her official capacity.[3] Accordingly, a judgment in Plaintiff's favor would necessarily imply the invalidity of his criminal conviction. *See Garcia v. Lewis*, No. 12-CV-3104-TOR, 2014 WL 1648470, at *3 (E.D. Wash. Apr. 23, 2014) (finding that *Heck* doctrine barred plaintiff from bringing § 1983 claim for assault stemming from same facts as gave rise to his prior conviction for custodial assault in violation of Wash. Rev. Code § 9A.36.100(1)(b)). For this reason,

---

[2] "Assault" is generally defined "as an attempt, with unlawful force, to inflict bodily injury upon another, or to cause apprehension of such injury, accompanied with the apparent present ability to give effect to the attempt if not prevented." *State v. Prado*, 181 P.3d 901, 909 (Wash. Ct. App. 2008) (citing *State v. Stewart*, 440 P.2d 815, 816 (Wash. 1968); *State v. Byrd*, 887 P.2d 396, 398 (Wash. 1995)).

[3] The Court notes that the quoted portion of the Washington Pattern Jury Instructions presented actually appears to apply to Wash. Rev. Code § 9A.36.031(1)(a), not (g). The language of Wash. Rev. Code § 9A.36.031(1)(g) is somewhat broader, covering assault on law enforcement officers who are performing their "official duties," rather than simply effectuating a lawful apprehension or detention. *See id.* As such, §9A.36.031(1)(g) may be charged even if the officer is making an unlawful arrest. *See State v. Mierz*, 901 P.2d 286, 295 (Wash. 1995). Nevertheless, courts have still found that the validity of assault claims covering officers performing their "official duties" may be implicated by a subsequent § 1983 claim. *See Garcia*, 2014 WL 1648470 at *3.

ORDER – 5

Plaintiff's § 1983 claim fails. *See Curry v. Baca*, 371 F. App'x 733, 733-34 (9th Cir. 2010) (finding plaintiff's § 1983 claims for excessive force were barred by *Heck* because plaintiff had been convicted of assault on a peace officer and jury had to find officers did not use excessive force at the time of the arrest to find guilt). Officer Boggs is therefore entitled to summary judgment on Plaintiff's § 1983 claim.

Plaintiff further brings a claim under 42 U.S.C. § 1983 against the City of Seattle. *See* Compl. ¶ 3.2. Municipalities may be held directly liable for constitutional violations under 42 U.S.C. § 1983, but a plaintiff seeking to impose such liability must identify a municipal policy or custom that caused the plaintiff's injury. *See Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Hunter v. City of Sacramento*, 652 F.3d 1225, 1232-33 (9th Cir. 2011)). Of course, "municipalities cannot be held liable when the individual police officer has inflicted no constitutional injury." *Yousefian v. City of Glendale*, 779 F.3d 1010, 1016 (9th Cir. 2015) (citing *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986); *Jackson v. City of Bremerton*, 268 F.2d 646, 653-54 (9th Cir. 2001)). Because Plaintiff's § 1983 claim against Officer Boggs fails, his claim against the City of Seattle necessarily must fail as well.

Plaintiff also brings a claim for assault and battery against Officer Boggs and the City of Seattle. *See* Compl. ¶ 3.4. A battery is an intentional act that causes a "harmful or offensive contact" with another. *Garratt v. Dailey*, 279 P.2d 1091, 1093 (Wash.1955). An assault is an intentional act that puts another in reasonable apprehension of an imminent battery. *McKinney v. City of Tukwila*, 13 P.3d 631, 641 (Wash. Ct. App.2000).

Pursuant to Washington law, "[i]f after notice of the intention to arrest the defendant, he or she either flee or forcibly resist, the officer may use all necessary means to effect the arrest." Wash. Rev. Code § 10.31.050. The undisputed facts show that Officer Boggs identified herself as a police officer (while in uniform, no less) and commanded him to stop resisting. *See* Dkt. # 40 (Boggs Decl.) Ex. B at 3 ("During the

ORDER – 6

1
2
3
4
5
6
7
8
9
10
11
12
13

time with the suspect in the stolen vehicle, I had said police. I also told him to stop several times."). And during that time, Plaintiff indisputably resisted arrest and attempted to flee. *See* Dkt. # 41 (Wong Decl.) ¶¶ 13-15. Accordingly, Officer Boggs was justified under this provision in using force to effectuate an arrest. *See John v. Berry*, 469 F. Supp. 2d 922, 935 (W.D. Wash. 2006); *see also Coe v. Snohomish Cty.*, No. C10-1713RAJ, 2011 WL 6055497, at *5 (W.D. Wash. Dec. 6, 2011) (finding that officer was not liable for assault or battery while using force to maintain custody of plaintiff who was properly under arrest). Because Officer Boggs' force was lawful and not excessive, Plaintiff's claim against both Officer Boggs and the City of Seattle fails. *See also Goldsmith v. Snohomish Cty.*, 558 F. Supp. 2d 1140, 1156 n.8 (W.D. Wash. 2008) (citing *McKinley v. City of Tukwila*, 13 P.3d 631, 641 (Wash. Ct. App. 2000)) (holding that where an officers' use of force was reasonable, officers were entitled to state law qualified immunity).

14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiff also brings claims for negligent training and supervision against the City of Seattle. *See* Compl. ¶ 3.3. "In Washington, the public duty doctrine provides that 'recovery from a municipal corporation in tort is possible only where plaintiff shows that the duty breached was owed to an individual, and was not the breach of a general obligation owed to the public in general, i.e., a duty owed to all is a duty owed to none.'" *Estate of Wasilchen v. Gohrman*, 870 F. Supp. 2d 1115, 1140 (W.D. Wash. 2012) (quoting *Beal v. City of Seattle*, 954 P.2d 237, 244 (Wash. 1998)). But the City of Seattle's duty "to hire, train, retain, and supervise its officers is owed to the public at large, not to plaintiff individually." *Shope v. City of Lynnwood*, No. C10-0256RSL, 2011 WL 1154447, at *6 (W.D. Wash. Mar. 28, 2011); *see also Fuller v. Lee*, No. C13-0563JLR, 2014 WL 6982519, at *13 (W.D. Wash. Dec. 9, 2014) ("the public duty doctrine means that the City cannot be liable merely for allegedly breaching its general responsibilities to supervise law enforcement officers or investigate citizen complaints").

27
28 ORDER – 7

As such, Plaintiff's claim against the City of Seattle for negligent training and supervision must fail as he does not identify any individual duty it owed him.

Finally, Plaintiff contends that the City of Seattle is strictly liable for any dog bites he suffered during his arrest. *See* Compl. ¶ 3.5. He appears to contend that Wash. Rev. Code § 16.08.040 creates liability in this instance. *See id.* But that same section expressly states that it "does not apply to the lawful application of a police dog, as defined in RCW 4.24.410." *See* Wash. Rev. Code § 16.08.040(2). Wash. Rev. Code § 4.24.410 defines a "police dog" as "a dog used by a law enforcement agency specially trained for law enforcement work and under the control of a dog handler" and expressly provides that "[a]ny dog handler[4] who uses a police dog in the line of duty in good faith is immune from civil action for damages arising out of such use of the police dog." Wash. Rev. Code § 4.24.410(1)(a), (2).

It seems clear that both Ziva and Officer Wong meet the requirements to be classified as a "police dog" and "dog handler," respectively. Officer Wong and Ziva completed over 650 documented hours of training and were certified by the Washington State Police Canine Association. *See* Dkt. # 41 (Wong Decl.) ¶¶ 6-7. These facts alone appear sufficient to find that they qualify for those definitions. *See State v. Kisor*, 844 P.2d 1038, 1042 (Wash. Ct. App. 1993) (finding substantial evidence to support finding that dog was "police dog" where there was evidence the dog underwent 480 hours of training with dog handling officer); WAC 139-05-915(4)(a) (400 hours of training required for "routine and regular utilization of a police canine within general patrol or investigative activities"). Accordingly, Plaintiff's Wash. Rev. Code § 16.08.040 based claim necessarily fails.

---

[4] A "dog handler" is defined as "a law enforcement officer who has successfully completed training as prescribed by the Washington state criminal justice training commission in police dog handling." Wash. Rev. Code § 4.24.410(1)(c).

ORDER – 8

## V.   CONCLUSION

For the foregoing reasons, the Court finds that the undisputed facts show that Defendants Daina Boggs and the City of Seattle are entitled to judgment as a matter of law on each of Plaintiff's claims.  Accordingly, the Court hereby **GRANTS** Defendants Daina Boggs and the City of Seattle's motions (Dkt. # 39 & 43) and enters summary judgment in their favor and against Plaintiff.  The Clerk will enter judgment for Defendants reflecting this Order.

DATED this 25th day of May, 2016.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 9